UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| AF HOLDINGS LLC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | Case No. 12 C 4222 |
| JOHN DOE, | ) |  |
|  | ) | Judge John W. Darrah |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff AF Holdings LLC ("AF Holdings") has filed a Complaint against John Doe, alleging copyright infringement of an adult-entertainment video. On June 26, 2012, this Court granted AF Holdings leave to file subpoenas, pursuant to Federal Rule of Civil Procedure 45, to identify certain information associated with Internet Protocol ("IP") address 24.13.57.221. This matter comes before the Court on Movant's Motion to Quash and Proceed Under a Pseudonym ("Movant"). Plaintiff filed a response, and Movant failed to file a reply.

### BACKGROUND

AF Holdings filed the instant Complaint on March 31, 2012, alleging that John Doe "knowingly and illegally reproduced and distributed Plaintiff's copyrighted video by acting in concert with others via the BitTorrent file-sharing protocol and, upon information and belief, continues to do the same." (Compl. ¶ 1.) The copyrighted work at issue in this Complaint is one of Plaintiff's adult-entertainment videos, entitled "Popular Demand" (the "Video"). Plaintiff alleges that "[i]n the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed

unlawful reproduction and distribution occurring over IP address 24.13.57.221 via the BitTorrent file transfer protocol." (*Id.* ¶ 4.) As Plaintiff explains, "BitTorrent is a modern file sharing method ("protocol") used for distributing data via the Internet." (*Id.* ¶ 8.)

Plaintiff did not know Defendant's actual name; instead, Defendant was known to Plaintiff only by an IP address, which is a number assigned to devices, such as computers, that are connected to the Internet. On June 26, 2012, this Court granted AF Holdings leave to file subpoenas, pursuant to Federal Rule of Civil Procedure 45, to identify certain information associated with Internet Protocol ("IP") address 24.13.57.221, as follows: "information sufficient to identify John Doe associated with IP address 24.13.57.221, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address." (Dkt. No. 9.) AF Holdings issued a subpoena, pursuant to Federal Rule of Civil Procedure 45, to Comcast Cable Communications LLC ("Comcast"), to obtain the above information.

## LEGAL STANDARD

Rule 45(c)(3)(A) states that the court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter" or if it "subjects a person to undue burden." The party seeking to quash a subpoena has the burden of demonstrating that it meets these requirements. *See Pacific Century Int'l, Ltd. v. Does 1–37*, 2012 WL 1072312, at *2 (N.D. Ill. Mar. 30, 2012).

**ANALYSIS**

Movant raises three arguments in favor of her Motion. First, Movant argues that AF Holdings' identification of her IP address is incorrect; therefore, AF Holdings' subpoena seeks information that is not relevant. Movant claims her IP address is 10.0.0.02 and, in support, Movant submits the affidavit of an individual[1] ("Affiant"), who avers, "I reviewed and examined the Internet Protocol address . . . for the personal computer of [Movant] . . . [and] determined that the IP address for [the] personal computer of [Movant] is 10.0.0.2." (Ex. 1 ¶¶ 2-3.) The credibility of this conclusory statement by Affiant, however, is outweighed by an affidavit submitted by AF Holdings and a letter sent by Comcast to Movant.

With its *Ex Parte* Application for Leave to Take Expedited Discovery, AF Holdings submitted an affidavit of Peter Hansmeier, a technician at a firm that monitors and documents Internet-based piracy for clients, one of whom is AF Holdings. Hansmeier provides a detailed explanation of the process he employed to identify John Doe's IP address and service provider. (*See* Dkt. No. 6-2 ¶¶ 22-27.) Hansmeier avers that he "personally observed John Doe's IP address 24.13.57.221 . . . downloading and uploading the Video in a BitTorrent swarm." (*Id.* ¶ 27.) To her instant Motion, Movant attached a letter from the Comcast Legal Response Center, which identified Movant by name and was sent to what appears to be her home address. (Dkt. No. 10 at 6.) The letter states:

---

[1] Movant has identified herself by name when she filed the instant Motion. Movant has also identified the affiant, who has the same last name as the Movant. Because of the Court's ruling below, that Movant may proceed under a pseudonym, the Movant and Affiant are not identified by name in this ruling.

> AF Holdings, LLC has filed a federal lawsuit in the United State District Court for the Northern District of Illinois. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each user, in this lawsuit for allegedly infringing AF Holdings LLC's copyrights on the Internet by uploading or downloading a movie without permission. This was allegedly done using a device assigned the IP address 24.13.57.221 on 05/01/2012 02:01:32 GMT.

(*Id.*) The affidavit, coupled with the letter from Comcast to Movant, suggests that the IP address 24.13.57.221 does belong to Movant.

Furthermore, even if the IP address 24.13.57.221 does not belong to Movant, her argument that AF Holdings's subpoena "seeks information that is not relevant," pursuant to Federal Rule of Civil Procedure 26(b)(1), lacks merit. AF Holdings alleges that "Plaintiff's agents observed unlawful reproduction and distribution occurring over IP address 24.13.57.221 via the BitTorrent file transfer protocol." (Compl. ¶ 4.) Therefore, a subpoena, seeking to discover certain information associated with this IP address is certainly "relevant to [AF Holding's] claim" and is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Second, Movant argues that AF Holding's subpoena seeks information that is "'privileged or other protected matter' because the subpoena seeks information about an IP address that does not belong to the undersigned." (Mot. ¶ 8.) It is unclear what the basis of Movant's argument is. But to the extent Movant has argues that she has a privacy interest in the information that is the subject of the subpoena, this argument also fails. Another court in this district recently addressed this argument in *Hard Drive Productions v. Does 1-48*, No. 11-cv-9062, 2012 WL 2196038, at \*4 (N.D.

Ill. June 14, 2012), noting that "courts have recognized that because internet subscribers must convey their identity and other information to an ISP in order to establish an account, they do 'not have a reasonable expectation of privacy in their subscriber information.'" *Id*. at *4; *First Time Videos v. Does 1-500*, 276 F.R.D. 241, 249 (N.D. Ill. 2011); *Boy Racer, Inc. v. Does 1-34*, No. 11–23035, 2012 WL 1535703, at *4 (S.D. Fla. May 1, 2012).

Last, Movant argues that she should be permitted to proceed under a pseudonym because her interest in proceeding anonymously outweighs the public's right to access this judicial proceeding. AF Holdings responds that Movant's request should be denied because Movant has already identified herself in documents filed in this Court. Further, AF Holdings argues that leave to proceed pseudonymously should only be granted in "an unusual case." (Resp. at 4.)

A court in this district recently addressed a similar claim. In *Sunlust Pictures, LLC v. Does 1-75*, No. 12-cv-1546, 2012 WL 3717768, at *1 (N.D. Ill. Aug. 27, 2012) (*Sunlust Pictures*), the court noted that "Judges within this district have recognized that plaintiffs in these types of cases might unfairly threaten to disclose defendants' identities in order to improperly leverage settlement negotiations." *Id*; *see also Hard Drive Productions v. Does 1-48*, No. 11–9062, 2012 WL 2196038, *6 (N.D. Ill. June 14, 2012).

AF Holdings concedes that in "matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," anonymous litigation may be permitted. (Resp. at 4,

5

citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979).) "A disputed allegation that [Movant] illegally downloaded (and presumably viewed) a pornographic movie fits within this framework." *Sunlust Pictures*, 2012 WL 3717768, at *5.

In this case, the balance of the sensitive nature of the proceedings to Movant against any unfair prejudice to AF Holdings is in favor of Movant. AF Holdings will not be unfairly prejudiced because AF Holdings will know Movant's true identity and be able to prosecute its claims appropriately. As the court in *Sunlust* noted, "[the only consequence to [movant] that proceeding anonymously will be diminution of the threat of publicly disclosing Doe's identity (thereby embarrassing Doe) as leverage to force a settlement." *Id*. Nor is there any harm to the public interest in having access to judicial proceedings because Movant did not initiate this litigation. *See id* ("And because Doe (as a defendant) has not purposely availed himself of the courts, the public's interest in knowing his identity is weaker."). Accordingly, at this stage in litigation, Movant's request to proceed by pseudonym is granted; but this ruling may be revisited at later stages of ligation should the case so proceed.

**CONCLUSION**

For the reasons stated above, Movant's Motion to Quash and to Proceed Under a Pseudonym [10] is denied except that Movant is granted leave to proceed anonymously in this case, and AF Holdings is ordered not to reveal Movant's name or identifying information. Because Movant has already identified herself by name in documents filed on this Court's docket, Docket Numbers 10 and 13, which identify Movant by name, shall be placed under seal.

Date:   November 13, 2012

JOHN W. DARRAH
United States District Court Judge